# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **SAMANTHA J. BABCOCK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-00363-JE |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN**, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

Arthur W. Stevens III
Black, Chapman, Webber & Stevens
221 Stewart Ave. Ste. 209
Medford, OR 97501
      Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Herbert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Thomas M. Elsberry
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
  Attorneys for Defendant


**Jelderks, Magistrate Judge**:

  Plaintiff Samantha Babcock (plaintiff) seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Because the Commissioner's decision is not supported by substantial evidence, the decision is **REVERSED**.

## Procedural Background

  Plaintiff protectively filed an application for SSI on October 18, 2011. Tr. 153. Her application was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). On July 2, 2013, a hearing was held before ALJ Joseph Lisiecki. Tr. 30-53. On July 17, 2013, ALJ Lisiecki issued a decision finding plaintiff not disabled. Tr. 19-26. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final order of the Commissioner. Tr. 1-4. This appeal followed.

## Background

  Plaintiff was born in July, 1979, and was therefore a "younger individual" under the Regulations on her filing date. Tr. 180. She completed high school and one year of college, and is able to communicate in English. Tr. 186. She alleges disability due to bipolar disorder with mania, social anxiety, arthritis, and carpal tunnel syndrome. Tr. 185.

/////

/////

Page 2 – OPINION AND ORDER

## Disability Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011); see also 20 C.F.R. § 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 416.920(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the

claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.R.F. §§ 416.920(a)(4)(v); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

Id. See also Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. Id. at 953; see also Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); Yuckert, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. Tackett, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Id.; see also 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. Bustamante, 262 F.3d at 953-54; Tackett, 180 F.3d at 1099.

/////

/////

/////

## Medical Record and Plaintiff's Statements

### I.   Medical Evidence

There is little medical evidence in the record from the relevant period, which began on plaintiff's onset date of October 18, 2011.  On December 5, 2011, Daniel Pederson, D.O., reported that plaintiff was nervous and anxious, had difficulty sleeping and multiple panic attacks, but denied auditory or visual hallucinations.  Tr. 311-12.  Pederson also noted that plaintiff attempted suicide 2 months prior to her visit, without hospitalization.  She suffered from headaches, shortness of breath, and chest pain; genitourinary urgency and frequency; dizziness, tingling, tremors and headaches; and depression, suicidal ideation, and memory loss.  Id. Pederson also restarted Seroquel.  Id.

In May, 2011, and March through May of 2013, plaintiff was treated at Klamath County Mental Health/Behavioral Health and Wellness (KBHW).  On May 2, 2011, she presented as manic with pressured speech, racing thoughts, rocking and fidgety mannerisms, and tearfulness. She claimed she had not slept over an hour per night in over a week.  She was diagnosed as bipolar and had a GAF score of 48.  Tr. 358-59.  Plaintiff was again diagnosed as bipolar on March 5, 2013, and had a GAF score of 35.  Tr. 343-55, 356-57.  She rated the intensity of her mental problems as a 10, and reported that her symptoms interfered with social interactions and relationships and negatively impacted her school and work performance.  Tr. 343-44.  Danielle Brown, QMHP, assessed plaintiff's GAF score at 38.  Tr. 353-54.

On March 28, 2013, Henry Elder, M.D. noted complaints of panic attacks, depression, nightmares, flashbacks, and memory problems.  He assessed plaintiff's GAF score at 35, and prescribed Lithium.  Tr. 339-40.  On April 10, 2013, Dr. Elder noted that plaintiff's nightmares had abated, and her mental status exam was within normal limits.  Tr. 328-32.  On May 8, 2013,

Dr. Elder reported that plaintiff said that she cried daily despite decreased depression. He noted a GAF score of 35 and increased two of her medications. Tr. 321, 324.

## II.    Plaintiff's Testimony

At the hearing before the ALJ, plaintiff testified that she was physically "okay" but completely disabled primarily due to her mental health issues. Tr. 34. She stated that she could lift only 5 pounds without hurting herself. Tr. 35. Plaintiff is able to drive but cannot go grocery shopping due to panic, anxiety, and tearfulness. Tr. 36. Lithium was helpful with her symptoms. Id. She testified that she was unable to work due to problems controlling her emotions, auditory and visual hallucinations, insomnia, and social anxiety. Tr. 38, 41.

## ALJ's Decision

The ALJ performed the sequential analysis. At step one, he found plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 18, 2011. Tr. 21. At step two, the ALJ concluded plaintiff suffered from the severe impairments of bilateral carpal tunnel syndrome, obesity, bipolar disorder, depression, and anxiety. Id.

At step three, the ALJ determined plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 21.

The ALJ next assessed plaintiff's residual functional capacity (RFC) and found that she retains the capacity to perform light work with the following limitations: she cannot climb ladders, ropes, or scaffolds; she cannot work at heights; she cannot crawl; she can perform postural activities frequently; she can frequently perform fine and gross manipulative activities bilaterally; and she is limited to simple tasks with simple work related decisions in an object-oriented setting which does not require working with the general public. Tr. 22.

At step four, the ALJ found that plaintiff had no past relevant work. Tr. 25. At step five, the ALJ found that plaintiff retained the RFC to perform jobs that exist in significant numbers in the national economy, including hand packer and office helper. Tr. 26. The ALJ therefore concluded plaintiff was not disabled. Tr. 26.

### Standard of Review

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." Bray v. Comm'r, 554 F.3d 1219, 1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. Id.; see also Bray, 554 F.3d at 1226.

### Discussion

Plaintiff argues the Commissioner erred by (1) improperly rejecting her testimony; (2) improperly evaluating the medical opinion evidence; and (3) improperly relying on the VE

testimony.  Because the ALJ's decision is not supported by substantial evidence in the record, it
is reversed.

## I.    Plaintiff's Testimony

Plaintiff first argues that the ALJ erred by rejecting her subjective symptom testimony.
The Ninth Circuit established two requirements for a claimant to present credible symptom
testimony: the claimant must produce objective medical evidence of an impairment or
impairments; and she must show the impairment or combination of impairments could
reasonably be expected to produce some degree of symptom.  Cotton v. Bowen, 799 F.2d 1403,
1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the
actual symptoms or their severity.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of
malingering, the ALJ can reject the claimant's testimony only if the ALJ provides clear and
convincing reasons for doing so.  Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007).  General
assertions that the claimant's testimony is not credible are insufficient. Id. The ALJ must identify
"what testimony is not credible and what evidence undermines the claimant's complaints."  Id.
(quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)).

The ALJ rejected plaintiff's subjective symptom testimony to the extent that it conflicted
with the RFC, and provided several reasons for doing so. Tr. 23.  First, the ALJ found that
plaintiff's testimony of disabling mental limitations was belied by her failure to seek treatment
during the relevant period.  The ALJ is permitted to consider lack of treatment in his credibility
determination.  Burch, 400 F.3d at 681.  However, when a claimant suffers from mental
impairments, failure to seek treatment may not constitute a clear and convincing reason for
rejecting the claimant's testimony.  See Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)

("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"). Here, plaintiff's treatment record following her application date is sparse, and the ALJ noted that she did not seek mental health treatment for an entire year during the period in which she alleged disability. Tr. 23-24. Plaintiff testified, however, that she was unable to perform work primarily due to her mental limitations; on this record, it was not reasonable for the ALJ to infer that plaintiff's mental health limitations and symptoms were not as disabling as she alleged in her testimony merely because she failed to seek adequate treatment. The ALJ's consideration of plaintiff's unexplained failure to seek treatment was not a clear and convincing reason to reject her testimony. Nguyen, 100 F.3d at 1465.

As a second reason for rejecting plaintiff's testimony, the ALJ found that plaintiff was not a reliable historian about her alcohol and drug use. The ALJ may consider a claimant's presentation of conflicting information about drug and alcohol use in his credibility determination. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). Here, plaintiff reported at the hearing that she was clean and sober for six years, referring to her past methamphetamine dependence. Tr. 47-48. The ALJ noted that plaintiff later stated that she used marijuana once in 2012, and cited this as a conflict within her testimony and a reason for rejecting her credibility. Tr. 25, 47-48. The court rejects the ALJ's reasoning. While plaintiff's testimony regarding her drug history appears contradictory when taken out of context, plaintiff's use of marijuana in 2012 does not, on closer inspection, conflict with her statement that had been was clean and sober from methamphetamine use for six years. Plaintiff's testimony regarding her drug use therefore does not constitute a clear and convincing reason for rejecting her credibility. Thomas, 278 F.3d at 959.

Finally, the ALJ found that plaintiff's allegations of disabling limitations were unsupported by medical evidence of record. Tr. 23. Minimal objective findings can undermine a claimant's credibility when other reasons for rejecting her testimony are present. Burch, 400 F.3d at 680-81. Here, the ALJ noted that plaintiff's medical status examination findings were generally within normal limits. Tr. 23-25, 321-23, 328-30, 335-37. He also noted that plaintiff's alleged mental impairments were significantly alleviated when she took medication, despite her allegations of disabling mental impairments. Id. Further, the ALJ noted that plaintiff's complaints of auditory and visual hallucinations, paranoia, and anger issues were not mentioned in her treatment records, indicating that she had not discussed or sought treatment for these symptoms with any of her treatment providers. Tr. 25. Even if it was reasonable for the ALJ to conclude that plaintiff's alleged symptoms and limitations were unsupported by contemporaneous medical records, the lack of objective medical evidence supporting plaintiff's complaints by itself does not support the ALJ's evaluation of her testimony because he failed to provide any other clear and convincing reasons for rejecting her testimony. Burch, 400 F.3d at 680-81.

In sum, the ALJ's credibility evaluation was not supported by legally sufficient reasons supported by substantial evidence in the record.

## II.    Medical Opinion Evidence of Henry Elder, M.D., and Danielle Brown, QMHP

Plaintiff next argues that the ALJ erred in his evaluation of the medical evidence. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are

generally accorded greater weight than the opinions of non-treating physicians. Lester, 81 F.3d at 830. A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff first challenges the ALJ's rejection of medical opinion evidence rendered prior to the relevant period. In the Ninth Circuit, medical opinions that predate the alleged onset of disability "are of limited relevance." Carmickle, 553 F.3d at 1165. The ALJ may disregard a medical opinion formulated outside of the relevant time period. Turner v. Comm'r, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ reviewed all of the medical evidence but focused on the relevant period, noting that plaintiff presented to a treatment provider once in December, 2011; received no treatment in 2012; and received some treatment from March through May, 2013. Tr. 23-24. The court finds that the ALJ properly weighed the medical evidence by favoring the evidence obtained during the relevant period, and did not err by disregarding evidence that predated plaintiff's application date by several years. Turner, 613 F.3d at 1224.

Plaintiff next argues that the ALJ improperly rejected the GAF scores assessed by Dr. Elder and Ms. Brown. As noted above, Dr. Elder and Ms. Brown repeatedly assessed plaintiff's GAF score in the range of 35 to 38, indicating severe mental limitations. Tr. 324, 331, 339, 353, 354, 357.

The ALJ evaluated plaintiff's medical records and formulated an RFC consistent with light work with some limitations. To the extent that plaintiff's GAF scores conflict with the RFC by indicating severe mental limitations, they are contradicted by the State Agency physicians'

findings.  See Tr. 54-66, 69-81. The ALJ was therefore required to provide specific, legitimate reasons for rejecting plaintiff's GAF scores. Bayliss, 427 F.3d at 1216.

The ALJ failed to do so. He did not even comment specifically on the very low scores of 35 and 38 found by two different treatment providers. The ALJ apparently found that plaintiff's low GAF scores conflicted with the weight of the medical evidence in the record. Tr. 24. The ALJ may assign less weight to a medical opinion that is inconsistent with the overall medical record. 20 C.F.R. § 416.927(c)(4). Here, the ALJ noted that at each of plaintiff's visits with Dr. Elder in March, April, and May of 2013, Dr. Elder's mental status examination findings were largely within normal limits. Tr. 321-23, 328-30, 335-37. Considering Dr. Elder's records as a whole, however, it was not reasonable to infer that Dr. Elder's relatively normal mental status examination findings conflicted with plaintiff's low GAF scores. Taking into consideration his mental status examinations, Dr. Elder nevertheless consistently found that plaintiff's mental disorders rendered her unable to work. See Tr. 324, 331, 339, 353, 354, 357. On this record, the ALJ's consideration of plaintiff's mental status examinations in isolation fails to provide a specific, legitimate reason for rejecting the low GAF scores assessed by Ms. Brown and Dr. Elder. Skelton v. Comm'r, No. 6:13-CV-01117-HZ, 2014 WL 4162536 at *11 (D. Or. Aug. 18, 2014) (it was not harmless error to disregard claimant's GAF scores where her scores were consistent and rendered over a three-year period by different practitioners).

In sum, the ALJ's evaluation of the medical evidence was not supported by legally sufficient reasons based on substantial evidence in the record.

## III.    Reliance on Vocational Expert Testimony

Plaintiff argues, finally, that the ALJ erred at step five because he improperly relied upon VE testimony based on a hypothetical that did not include all of plaintiff's symptoms and

limitations.  Because the ALJ failed to properly evaluate the medical evidence and plaintiff's

testimony, he was not able to formulate a correct RFC and was therefore not entitled to rely on

the VE testimony.

## IV.    Remand

The decision whether to remand for further proceedings or for immediate payment of

benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.

2000), *cert. denied*, 531 U.S. 1038 (2000).  The issue turns on the utility of further proceedings.

A remand for an award of benefits is appropriate when no useful purpose would be served by

further administrative proceedings or when the record has been fully developed and the evidence

is insufficient to support the Commissioner's decision.  Strauss v. Comm'r, 635 F.3d 1135,

1138-39 (9th Cir. 2011) (quoting Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir 2004)).  The

court may not award benefits punitively and must conduct a "credit-as-true" analysis to

determine if a claimant is disabled under the Act.  Id at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award

of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for

rejecting such evidence; (2) there are no outstanding issues that must be resolved before a

determination of disability can be made; and (3) it is clear from the record that the ALJ would be

required to find the claimant disabled were such evidence credited.  Id.  The "credit-as-true"

doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in

determining whether to enter an award of benefits upon reversing the Commissioner's decision.

Connett v. Barnhart, 340 F.3d 871 876 (9th Cir. 2003) (citing Bunnell v. Sullivan, 947 F.2d 341,

348 (9th Cir. 1991) (en banc)).  The reviewing court should decline to credit testimony when

"outstanding issues" remain.  Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony and the medical evidence of her severely low GAF scores. When the erroneously rejected evidence is credited as true, no outstanding issues remain before a determination of disability can be made. Plaintiff testified, and the GAF scores indicate, that she is completely unable to work due to her mental impairments. On this record, it is clear that the ALJ would be required to find plaintiff disabled when the erroneously rejected evidence is credited. For these reasons, the ALJ's decision is reversed and remanded for the immediate payment of benefits.

## Conclusion

The Commissioner's decision is not supported by substantial evidence in the record and is therefore REVERSED and REMANDED for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this 25th day of January, 2017.

 /s/ John Jelderks_____
John Jelderks
United States Magistrate Judge